IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LYNN CARTER WILSON, | ) | |
| | ) | No. 3:15-cv-01271 |
| Plaintiff, | ) | |
| | ) | Judge Nixon |
| v. | ) | Magistrate Judge Bryant |
| | ) | JURY DEMAND |
| STEIN MART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

This Memorandum addresses Defendant Stein Mart, Inc.'s ("Defendant") Motion for Summary Judgment ("Motion"). (Doc. No. 9.) For the reasons discussed below, the Court will **GRANT** Defendant's Motion and **DISMISS** Plaintiff's Complaint with prejudice.

I. BACKGROUND

*A. Factual Background*

Plaintiff Lynn Carter Wilson ("Plaintiff") was shopping at Defendant's store in Nashville, Tennessee. (Doc. No. 25 at ¶ 1.) After trying on a garment without incident and picking out a suitcase, she decided to try on additional garments in the dressing room. (*Id.* at ¶ 2.) While trying on the clothing, Shelia Campbell, a Stein Mart employee, allegedly informed a customer that she was not allowed to take her shopping cart into the dressing room area. (*Id.* at ¶¶ 3-4.) Then Campbell allegedly left to check on another customer, and, while she was gone, this customer pushed her shopping cart into the dressing room area. (*Id.* at ¶ 5.) When Plaintiff attempted to exit her dressing room, she noticed a cart completely covered with garments blocking her path. (*Id.* at ¶¶ 6–7; Doc. No. 15-1 at 1.) After asking the customer to move the cart, Plaintiff attempted to bypass the shopping cart in order to leave the dressing room. (Doc. No. 15-1 at 1.)

1

As she attempted to squeeze past the shopping cart, she tripped over the base of the cart and fell to the ground, fracturing her wrist. (*Id.* at 2.)

### B. Procedural Background

Plaintiff filed this lawsuit in the Circuit Court for Davidson County, Tennessee on October 16, 2015, alleging that Defendant was negligent. (Doc. No. 1-1 ¶ 6.) Defendant removed the case to this Court on November 18, 2015. (Doc. No. 1.) Defendant then filed the instant Motion (Doc. No. 9) with three supporting exhibits (Docs. No. 9-1–9-3) and a Memorandum in Support (Doc. No. 10) on February 26, 2016. Plaintiff filed a Response in Opposition to Defendant's Motion on April 7, 2016 (Doc. No. 15) with one exhibit (Doc. No. 15-1) and a Memorandum in Support (Doc. No. 16). The Response alleged that, in addition to substantive defenses, the Motion should fail on procedural grounds because the Defendant failed to include a Statement of Material Facts. (Doc. No. 16.) On April 7, 2016, Defendant filed the Statement of Material Facts (Doc. No. 17), and Plaintiff filed a Motion to Strike (Doc. No. 18), which this Court denied on July 21, 2016. (Doc. No. 22.) Defendant filed a Reply to Plaintiff's Response (Doc. No. 20), which prompted Plaintiff to file a Response to Defendant's Reply (Doc. No. 21). Plaintiff filed a Supplemental Response to Motion for Summary Judgment (Doc. No. 23), a Memorandum in Support (Doc. No. 24), and a Response to Statement of Material Facts (Doc. No. 25) on July 27, 2016.

## II. STANDARD OF REVIEW

Summary judgment is rendered when the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The party moving for summary judgment bears the initial burden of showing that there is no material issue in dispute." *Lindsay v. Yates*, 578 F.3d 407, 414 (6th Cir. 2009) (citing

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Once a moving party has met its burden of production, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Blizzard v. Marion Technical Coll.*, 698 F.3d 275, 282 (6th Cir. 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Rule 56 states:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The district court has no independent obligation to search the record for evidence that would enable a party's claims to survive summary judgment." *Sagan v. Sumner Cnty. Bd. of Educ.*, 501 F. App'x 537, 540 (6th Cir. 2012).

While the non-moving party must set forth specific facts showing there is a genuine issue for trial, the court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). "Reviewing the facts in the light most favorable to the nonmoving party, the court must ultimately determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Blizzard*, 698 F.3d at 282 (internal citations and quotations omitted).

### III. ANALYSIS

#### A. Evidentiary Objections

Plaintiff objects to all three of Defendant's exhibits (Doc. No. 9-1–3) on the basis that they are hearsay. (Docs. No. 15 and 16.) At the summary judgment phase, all facts must be

supported by "citing to the particular parts of the materials in the record." Fed. R. Civ. P. 56(c)(1)(A). A party may only object that the material cited "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Hearsay is not generally considered on a motion for summary judgment, but it may be considered "if the statement could be reduced to admissible evidence at trial or reduced to admissible form." *Rymed Tech., Inc. v. ICU Med., Inc.*, No. 3:10–01067, 2012 WL 4505896, at *5 (M.D. Tenn. Sept. 28, 2012) (quoting *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293–94 (11th Cir. 2012)).

While the Stein Mart Incident Report, the handwritten statement by Stein Mart employee Sheila Campbell, and the Arista brochure are hearsay, the Court need not determine their admissibility to rule on this Motion. The Court finds that the facts contained in the Complaint, Plaintiff's affidavit, Defendant's Statement of Material Facts, and Plaintiff's Response to said Statement provide ample undisputed facts to dispose of this case as a matter of law.

B. *Motion for Summary Judgment*

1. Parties' Arguments

Plaintiff alleged that her injuries were "proximately caused by the careless and negligent conduct of Defendant" because it failed to maintain its dressing room area. (Doc. No. 1-1 at ¶ 8 (a–b).) The sole factual basis for this claim appears to be that Defendant "knew or had reason to know . . . that another customer had brought a shopping cart into the dressing room area, contrary to the store rules, and failed to take such steps to insure that same had been removed from the dressing room area where it posed a hazard to other customers[.]" (*Id.* at ¶ 8(c).) Defendant denied these claims (Doc. No. 5 at ¶ 8) and asserted the defense of comparative negligence, claiming that Plaintiff's own failure "to maintain a lookout and/or use ordinary and reasonable care caused or otherwise contributed to her accident" (*id.* at 2). Defendant argues that

4

it "did not owe plaintiff a duty because the shopping cart is not a dangerous condition" (Doc. No. 10 at 3) and, even assuming *arguendo* that it was dangerous, "Stein Mart still did not owe the plaintiff a duty because . . . [the cart] was open and obvious" (*id.* at 5).

2. Applicable Legal Standards

Whether Defendant owed Plaintiff a duty is a question of law for the Court to resolve. *Blair v. Campbell*, 924 S.W.2d 75, 78 (Tenn. 1996) (citing *Carson v. Headrick*, 900 S.W.2d 685, 690 (Tenn. 1995)). In the case of premises liability, a business owner must exercise reasonable care to make the premises safe for business invitees. *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998). This duty includes the responsibility to remove, repair, or warn invitees of dangerous conditions on the premises that the business owner was or should have been aware of through the exercise of reasonable diligence. *Id.* When the dangerous condition is open and obvious, there is a duty for the business owner to act with reasonable care only if the foreseeability and gravity of harm posed by the condition outweighs the burden on the owner to engage in alternative conduct to avoid the harm. *Coln v. City of Savannah*, 966 S.W.2d 34, 43 (Tenn. 1998) *overruled on other grounds by Cross v. City of Memphis*, 20 S.W.2d 642, 644 (Tenn. 1998); *see Rice*, 979 S.W.2d at 310.

3. Defendant's Duty of Care.

The first inquiry is whether the shopping cart in the dressing room was a "dangerous condition." A condition is dangerous if it is "dangerous according to common experience." *Henry v. City of Nashville*, 318 S.W.2d 567, 568 (Tenn. Ct. App. 1958). Defendant argues that shopping carts are ubiquitous in department stores and, therefore, not dangerous according to common experience. Plaintiff frames the condition more narrowly, as one of whether a shopping cart, in a dressing room hallway "so completely covered with garments that its entire structure

5

was totally obscured" constitutes a dangerous condition. (Doc. No. 16 at 5.) Since the Court must "draw all reasonable inferences in favor of the nonmoving party" it will assume for purposes of this motion only that the cart constituted a dangerous condition, and move on to the second inquiry. *Reeves*, 530 U.S. at 150.

Under the second inquiry, the Court must determine whether the condition was caused or created by the Defendant or if Defendant had actual or constructive notice of the dangerous condition before the accident occurred. *Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004). It is undisputed that this shopping cart was loaded with garments and placed in the dressing room by a customer. (Docs. No. 15-1 at 1; 25 at ¶ 3.) Therefore, the question is whether Defendant had actual or constructive knowledge of this fact. Plaintiff claims that "[i]t is clear from her Affidavit that an Employee of Stein Mart was fully aware that another customer had brought the cart into the dressing room loaded with garments, and warned the customer, the Employee did nothing to effect the removal of the cart, thereby permitted the hazard to remain in place." (Doc. No. 16 at 5.) However, Plaintiff's Affidavit does not assert that a Stein Mart employee knew that the customer had taken her shopping cart into the dressing room (Doc. No. 15-1.) Moreover, in her Response to Defendant's Statement of Material Facts, Plaintiff denies that "the customer had just been informed by a Stein Mart employee to not bring her cart into the dressing room area" (Doc. No. 25 at ¶ 4) and that "[o]nce the employee left the area to help another patron, the customer continued into the fitting room with her shopping cart" (*id.* at ¶ 5), and states that she "has no personal knowledge of" these facts. (*Id.* at ¶¶ 4–5.)

In order to create a disputed issue of material fact, the supporting affidavits must be based on personal knowledge and set forth facts that are admissible in evidence. Fed. R. Civ. P. 56(c)(4). "If a party fails to properly support an assertion of fact or fails to properly address

6

another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed— show that the movant is entitled to it[.]" *Id.* at (e)(3). Since Plaintiff claims no personal knowledge regarding Defendant's awareness of the dangerous condition (Doc. No. 25 at ¶¶ 4–5), the Court cannot rely on her Affidavit with respect to this fact. Although the issue of Defendant's knowledge of the allegedly dangerous condition remains unsupported, the Court need not address it to determine Defendant's duty because, even assuming that Defendant knew of this dangerous condition, Plaintiff would still need to show that it was not open or obvious or that the foreseeability and gravity of harm posed by it outweighed Defendant's burden engage in alternative conduct to avoid the harm. *Coln*, 966 S.W.2d at 43; *Rice*, 979 S.W.2d at 310. Consequently, Court will move on to the third inquiry; whether the condition was open and obvious to Plaintiff.

Tennessee modified the traditional open and obvious rule by eliminating a landowner's duty to one injured as a result of an open and obvious danger on its property and adopted the Second Restatement of Torts approach. *Coln*, 966 S.W.2d at 43. Under the Restatement, "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." § 343A. Plaintiff admits that she perceived the cart outside her dressing room door and that "every part of it was obscured by garments hanging on and over it, all the way down to the floor." (Doc. No. 15-1 at 2.) Plaintiff also admits that she perceived the "clear space through which . . . [she] could walk to get out of the dressing room" and that it "was very tight." (*Id.*) Although Defendant does not dispute that Plaintiff may not have been able to appreciate the exact structure of the cart, Defendant claims

7

that, in noticing the shopping cart and tight space, Plaintiff fully perceived the allegedly dangerous condition. (Docs. No. 10 at 8; 20 at 6.)

Defendant proffers, as support for its position, *Cudney v. Sears, Roebuck & Co.*, in which the Sixth Circuit applied Michigan law (which, like Tennessee, adopted the Restatement's open and obvious analysis) to hold that a department store was not liable for injuries plaintiff sustained after tripping and falling on the base of a clothing rack. 84 F. Supp. 2d 856, 859 (E.D. Mich. 2000). The facts in *Cudney* are similar to those in the instant case; the plaintiff claimed that she could not see the base of the clothing rack, which "extended over the carpeted area into the tiled aisle of the store," *id.* at 857, because it "was obscured from view by clothing," *id.* at 860. The Court agrees with Defendant that this case in analogous to *Cudney* because, even assuming Plaintiff could not see the actual base of the shopping cart because it "was obscured by garments" (Doc. No. 15-1 at 2), she could still see that it was in a "very tight" (*id.*) space and "adapt her maneuvering accordingly[.]" 84 F. Supp. 2d at 861.

Since the Court concludes that the allegedly dangerous condition was open and obvious to Plaintiff, the final inquiry is whether the foreseeability and gravity of harm posed by the condition outweighs Defendant's burden to engage in alternative conduct to avoid the harm. *Coln*, 966 S.W.2d at 43; *Rice*, 979 S.W.2d at 310. Once again, the Court is persuaded by Defendant and the similar factual scenario in *Cudney*. (Doc. No. 10 at 8.) Here, as in *Cudney*, there was no unreasonable risk or foreseeable risk caused by a shopping cart in a department store (however draped with clothing and however tight the space) because Plaintiff admits that she identified the object, its relation to the space she was in, and, despite the "tight" space, she attempted to move around it. (Doc. No. 20 at 6.) Moreover, it was less burdensome for Plaintiff to insist that the customer move the cart completely out of her way, move the cart herself, or wait

until it was out of her way before attempting to move around it in a tight space than it was for Defendant to assign staff to constantly monitor the fitting room or install physical barriers preventing shopping carts from entering them. Since the foreseeability and gravity of harm do not outweigh the burden to engage in alternative conduct, Defendant does not owe Plaintiff a duty of care for this open and obvious condition. *See Coln*, 966 S.W.2d at 46.

IV. **CONCLUSION**

Although both Parties failed to properly support or address all the factual assertions, the record contained sufficient undisputed material facts to determine Defendant's duty of care. *See* Fed. R. Civ. P. 56(e)(3). Contrary to Plaintiff's assertions, Defendant did not owe her a duty of care because the allegedly dangerous condition was open and obvious to Plaintiff and the foreseeability and gravity of its harm were outweighed by the burden on Defendant to engage in alternative conduct. *See Coln*, 966 S.W.2d at 46. On the basis of the foregoing, Defendants' Motion for Summary Judgment will be granted and this case will be dismissed with prejudice. An appropriate Order will enter.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT